IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

TAVIA TRAMMEL MARTIN,       )
                            )
     Plaintiff,             )
                            )       CIVIL ACTION NO.
     v.                     )        2:20cv82-MHT
                            )           (WO)
SILAS D. LEE, an            )
individual; et al.,         )
                            )
     Defendants.            )

OPINION

Pursuant to state law, plaintiff Tavia Trammel Martin filed this lawsuit claiming that defendants Silas D. Lee and Rafter L. Farms[1] negligently and wantonly caused a motor vehicle collision with him that resulted in bodily injuries and other damages.[2]   This

---

1. In the complaint, Martin omitted the period after the "L" when naming the party and listed it as "Rafter L Farms." However, in their motion for summary judgment (discussed later) and related documents, Lee and Rafter L. Farms use the name "Rafter L. Farms." The court adopts the name used by them in this opinion.

2. Martin also named as a defendant Lyndon Southern Insurance Company and brought an additional claim for underinsured motorists benefits against it. Lyndon Southern has not been served or appeared in the case.

court has jurisdiction pursuant to 28 U.S.C. § 1332(a) (diversity) and 28 U.S.C. § 1441(a) (removal).

The case is currently before the court on Lee and Rafter L. Farms' motion for summary judgment. Martin did not respond to the motion. For reasons that follow, the motion will be granted.

## I. Summary-Judgment Standard

"A party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To determine whether a genuine factual dispute exists, the court must view the factual allegations in the light most favorable to the non-moving party and draw all reasonable inferences in

---

The court does not address the claim against Lyndon Southern at this time.

favor of that party.  *See Matsushita Elec. Indus. Co.*
*v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  Once
the party seeking summary judgment has informed the
court of the basis for his motion, the burden shifts to
the non-moving party to show that a genuine issue of
material fact exists.  *See Hammer v. Slater*, 20 F.3d
1137, 1141 (11th Cir. 1994).  In general, summary
judgment is appropriate when "the record taken as a
whole could not lead a rational trier of fact to find
for the non-moving party."  *Matsushita*, 475 U.S. at
587.

## II. Factual Background

As Martin failed to file a response in opposition
to the motion for summary judgment and thus take issue
with Lee and Rafter L. Farms' version of the facts as
pointed to and supported by the record, the material
facts are essentially undisputed.  Those facts, taken
in the light most favorable to Martin, are as follows.

3

On January 30, 2018, Lee drove his tractor truck with an attached livestock trailer to a stockyard in Lowndes County, Alabama to pick up cattle.  At the time, he was self-employed as a truck driver and used the name Rafter L. Farms on his truck.  After loading the cattle onto the trailer, he made a left turn onto Alabama Highway 97 to begin his trip back to Florida. Before beginning the turn, he allowed a car to proceed past him and turned only after he saw no cars approaching from either direction.

At that moment, Martin was driving home in his pickup truck on the same highway, after a trip to the grocery store with his cousin.  He had driven on this highway many times and was aware that large trucks carrying livestock frequently turned on to the highway from the stockyard.  After Lee had already completed part of his turn onto the highway, Martin's pickup truck came into view.  It was at least 100 yards away, and Martin had sufficient time either to slow down or

4

stop while Lee completed his turn. However, Martin did not stop or slow down, and instead collided with the fuel tanks and drive axle on the driver's side of Lee's truck. Martin experienced injuries to his head, pelvis, and back as a result of the accident.

Martin consented to provide a blood sample for toxicological analysis after he was transported to a hospital for treatment of his injuries. The toxicological analysis performed by the Alabama Department of Forensic Sciences ("ADFS") revealed the presence of Tramadol, an opioid, in Martin's system, as well as a blood alcohol concentration of 0.300 g/100mL. According to Dr. Curt Harper, Chief Toxicologist for the ADFS, Martin's blood-alcohol level, measured three hours after the accident, was more than three times the legal limit under Alabama law, and this indicated that his blood-alcohol level was more than four times the legal limit at the time of the accident. *See* Ala. Code § 32-5A-191(a)(1) ("A person shall not drive

or be in actual physical control of any vehicle while: ... [t]here is 0.08 percent or more by weight of alcohol in his or her blood").

Dr. Harper further stated that, based on Martin's blood-alcohol level, he had to have consumed a great deal of alcohol on the day of the accident--an estimated 13 to 19 alcoholic beverages; and that a person with a blood-alcohol concentration level in the range of 0.25 to 0.40 would have visible signs of impairment: reduced reaction time, reduced time and distance estimation and visual acuity, marked muscular incoordination, blackouts, and fragmented memory.

Martin's deposition testimony, in this case, about his consumption of drugs and alcohol on the day of the accident was vague or inconsistent. He remembered taking Tramadol for his back pain the day prior to the accident but could not recall if he took it on the day of the accident. He first denied being intoxicated on the day of the accident and said he had consumed only

one or two beers that day. However, later in the deposition, he admitted drinking around four beers on the day of the accident, and subsequently confessed that he was not sure how much alcohol he had consumed.

Martin later entered a guilty plea in an Alabama state court to the criminal charge of driving under the influence of alcohol with a blood alcohol level of 0.300 g/100mL. He was sentenced to 180 months of imprisonment, suspended, plus two years of probation, fines, and costs.

Martin later filed this lawsuit.

## III. Discussion

### A. Negligence Claim

In his complaint, Martin claims that Lee and Rafter L. Farms' negligence caused the accident. In a brief in support of their summary-judgment motion, Lee and Rafter L. Farms primarily argue that the court should grant summary judgment in their favor because Martin

7

was contributorily negligent.  In the section of their brief making this argument, they also argue that Martin has presented no evidence that Lee was negligent.  *See* Def.'s Br. (Doc. 18) at 9.  The court will begin its analysis by determining whether Martin has provided sufficient evidence of Lee's negligence.

To prove negligence, a plaintiff must show "a duty to a foreseeable plaintiff, breach of that duty, causation, and damage." *Crowne Investments, Inc. v. Bryant*, 638 So. 2d 873, 878 (Ala. 1994). *See also Armstrong Bus. Servs., Inc. v. AmSouth Bank*, 817 So. 2d 665, 679 (Ala. 2001)*.* Martin has not shown that the defendants breached any duty.  Indeed, the undisputed evidence is that Lee carefully entered the highway after checking for oncoming traffic.  He provided undisputed testimony that when he turned onto Alabama Highway 97 the road was clear of cars in both directions.  He stated that he saw Martin approach from a distance while he was turning and that Martin had

time to slow down or come to a stop and avoid the collision.  A reasonable fact-finder would have to conclude that Lee was not negligent.

A reasonable fact-finder would also have to conclude that Martin's own negligence was the proximate cause of his injuries.  Martin was legally intoxicated at the time of the accident, in violation of § 32-5A-191 of the Alabama Code.  Martin has offered no explanation why he failed to see Lee's truck in time to avoid a collision or apply his brakes.  Ultimately, the undisputed evidence pointed to in the record establishes that Martin's own negligence--driving while severely intoxicated--was the proximate cause of his injuries.

As there is no evidence to the contrary, any reasonable factfinder would have to conclude that Lee and Rafter L. Farms breached no duty owed to Martin and that Martin was the proximate cause of his own injuries.  Accordingly, Martin's negligence claim

against Lee fails.   The court will grant summary

judgment on this claim.[3]

---

3. Alternatively, the court would have also granted Lee and Rafter L. Farms' motion for summary judgment on the ground of contributory negligence.   The Alabama Supreme Court has noted that, while whether contributory negligence exists is normally determined by the jury, "contributory negligence may be found to exist as a matter of law when the evidence is such that all reasonable people must reach the same conclusion" that the plaintiff was negligent or failed to exercise reasonable care and that such negligence was a proximate cause of the injury. *Serio v. Merrell*, Inc., 941 So. 2d 960, 964 (Ala. 2006).   Here, a reasonable fact-finder could reach only one conclusion on the Lee and Rafter L. Farms' affirmative defense of contributory negligence: that Martin was contributorily negligent. *See Carroll v. Deaton*, 555 So. 2d 140, 141 (Ala. 1989) (the Alabama Supreme Court affirmed the trial court's granting of defendant's motion for summary judgment under a theory of contributory negligence as the plaintiff's driving while intoxicated was the proximate cause of their injuries); *Bluewater Catish, Inc. v. Hall*, 667 So.2d 110, 113 (Ala. Civ. App. 1995) (holding that a blood-alcohol level of .29 percent without other evidence as to the cause of the subject automobile accident, was proof to a reasonable certainty that the wreck occurred as a result of the driver's intoxication).

### B. Wantonness Claim

There is insufficient evidence in the record to support a claim of wantonness under Alabama law. Wantonness is statutorily defined as "conduct which is carried on with a reckless or conscious disregard of the rights or safety of others," Ala. Code § 6-11-20(b)(3) , and defined by the Alabama Supreme Court as "the conscious doing of some act or the omission of some duty under the knowledge of the existing conditions, and conscious that from the doing of such act or omission of such duty injury will likely or probably result," *Briton v. Doehring*, 242 So. 2d 666, 669 (Ala. 1970).

Martin has not provided evidence of wantonness on the part of Lee. Instead, the evidence pointed to is that Lee took reasonable precaution to ensure the roadway was clear before he began his turn.

Moreover, Martin could not even recall the events leading to the accident and could not even estimate

where his vehicle was when Lee turned onto the roadway.
Martin also could not remember many details about the
accident, which is consistent with his undisputed high
level of intoxication at the time of the accident.  The
sole evidence before the court of "reckless" behavior
with a "conscious disregard of the rights or safety of
others," Ala. Code § 6-11-20(b)(3), is Martin's own act
of driving while intoxicated.  Martin has simply
pointed to no evidence of Lee's negligence, much less
wantonness.  Consequently, Martin's wantonness claim
fails as a matter of law, and the court will grant
summary judgment on this claim.


### C. Rafter L. Farms

As an alternative ground, Lee and Rafter L. Farms
argue that Rafter L. Farms is not an entity subject to
suit.  Martin named Rafter L. Farms as a defendant in
the lawsuit, describing it as a corporation.  However,
the evidence shows that Rafter L. Farms is not a legal

or business entity.  Lee testified that it is simply a phrase that he inscribed on his truck along with his name and Alabama Department of Transportation number. It is not an actual business, but is simply a trade name that is used to satisfy the Alabama Department of Transportation's identification requirement.  Martin has not presented any evidence to the contrary.

A trade name used by a defendant for identification or operation purposes is not a legal entity capable of being sued.  *See Ex Parte CTF Hotel Management Corp.*, 719 So. 2d 205, 207 (Ala. 1998).  Accordingly, the court will grant summary judgment on all claims against Rafter L. Farms for this reason too.


***

An appropriate judgment will be entered in favor of Lee and Rafter L. Farms on all claims.

DONE, this the 1st day of October, 2021.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE

13